IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tateyanna Jackson and Gabrielle Campbell, ) ) Plaintiff, ) ) v. ) ) Strand College of Hair Design and Nancy Poole, ) ) ) Defendants. ) | Civil Action No. **COMPLAINT** *(Jury Trial Requested)* |

COMES NOW the Plaintiffs, Tateyanna Jackson and Gabrielle Campbell, by and through the undersigned attorneys, complaining of the above-named Defendants, would respectfully show and allege unto this Honorable Court as follows:

## NATURE OF ACTION

1. This is a 42 U.S. Code §2000d et seq., and its implementation of regulation at 34 C.F.R. Part 100, civil action asserting Civil Rights violations based on discrimination of race or color and state law claims.

## THE PARTIES

2. That the Plaintiff, Tateyanna Jackson ("Plaintiff Jackson"), is a citizen and resident of the County of Horry, State of South Carolina and was a resident of said county at the time of the incidents described herein.

3. That the Plaintiff, Gabrielle Campbell ("Plaintiff Campbell"), is a citizen and resident of the County of Horry, State of South Carolina and was a resident of said county at the time of the incidents described herein.

4. Upon information and belief, the Defendant Strand College of Hair Design ("Defendant

Page 1 of 10

Hair Design"), is an educational facility created pursuant to the laws of the State of South Carolina. Upon information and belief, Defendant is responsible for its policies, practices, and customs as well as the hiring, training, supervising, controlling and disciplining of its employees.

5. Upon information and belief, the Defendant Nancy Poole ("Defendant Poole") is the founder and President of Defendant Hair Design and is a citizen and resident of the County of Horry, State of South Carolina.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 (supplemental jurisdiction).

8. Venue lies in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

9. Each and every allegation contained in the preceding paragraphs is repeated and reiterated herein as if restated verbatim;

10. On or about June 11, 2019, Plaintiff Jackson began attending Defendant Hair Design under the direction of Defendant Poole.

11. In or around August 2019, Plaintiff Campbell began attending Defendant Hair Design under the direction of Defendant Poole.

12. Prior to Plaintiff Campbell's admission to Defendant Hair Design, Plaintiff Jackson was the only black student.

13. In roughly the third week of attendance, Plaintiff Jackson completed all of her assignments.

14. Plaintiff Jackson was advised by an instructor that Defendant Poole did not want her moving ahead in the program. Other similarly situated, non-black students were allowed to move forward.

15. During Plaintiff Jackson and Plaintiff Campbell's attendance at Defendant Hair Design, racial slurs and comments were continuously made in the presence of and directed at both Plaintiffs.

16. Specifically, Defendant Poole and/or her agents and/or employees made inappropriate and racial slurs towards Plaintiff Jackson in reference to black men.

17. Specifically, Defendant Poole and/or her agents and/or employees would refer to black people as "your people," when talking to Plaintiff Campbell.

18. Specifically, a white student stated to another student, "I will shoot that 'nigger'." Instructors nor administrators took any action against the student for her derogatory statement.

19. Specifically, white student(s), to include the student above, were allowed to use the word "nigger" on a constant and daily basis, without any consequence.

20. Plaintiff Jackson and Plaintiff Campbell were denied equal access to equipment, products, and opportunities.

21. Specifically, black students were only given old equipment to use, such as old glue and dull sheers. In fact, Defendant Poole, by and through her agents and/or employees, told Plaintiff Jackson the sheers were dull, and she would have to attempt to borrow a good pair from one of the white students.

22. Specifically, Defendant Poole, along with her agents and/or employees, refused to provide

requested products for ethnic hair.

23. White students were given all new equipment, products, and opportunities.

24. Plaintiff Jackson was suspended for failing a test and Plaintiff Campbell was suspended for 3 weeks for a failed test.

25. White students who failed a test were not suspended. In fact, Defendant Poole allowed white students an opportunity to re-take any failed test.

26. Specifically, when Plaintiff Campbell would ask for assistance regarding a practical, Defendant Poole would state "that's a dumb question," and ask Plaintiff Campbell if she was stupid.

27. Defendant Poole allowed the white students to perform practice services on her, however, she refused to allow black students to perform any practice services.

28. Specifically, Defendant Poole told Plaintiff Campbell that she did not want any services performed by her.

29. On multiple occasions, Plaintiff Jackson and Plaintiff Campbell requested services and were rejected, however, a white student would request the same service and it would be performed.

30. Specifically, Plaintiff Campbell requested a service by the estheticians and Defendant Poole denied the request, however, white students were allowed to get services done by the estheticians.

31. On occasion, black clients would come in for services and Defendant Poole would demand Plaintiff Campbell to perform the requested services.

32. On one occasion, specifically on November 9, 2019, Plaintiff Jackson was working on an assignment and the white students were socializing. Plaintiff Jackson could hear some of

the students make rude comments about the work she was doing when Laura Causey, the Phase 1 instructor, made the comment, "we are not going to mess with her today because it's her birthday week."

33. On one occasion, a white student had brought in snacks and made the demeaning comment towards Plaintiff Jackson, "I know you don't have money, you'll probably want some of these, even if they're rotten."

34. During a portion of Plaintiff Campbell's attendance at Defendant Hair Design, she was pregnant. Due to the discrimination and horrible treatment by Defendant Poole, Plaintiff Campbell became severely depressed and had even contemplated suicide.

35. On or about June 19, 2020, Plaintiff Jackson was refused the right to complete the program and dismissed from the program.

36. In November 2020, because Plaintiff Campbell was determined to complete her cosmetology education, she graduated from the program.

## FOR A FIRST CAUSE OF ACTION
**(Title VI Violation - Race Discrimination in Violation of 42 U.S. Code § 2000d et seq.)**

37. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

38. Defendant Hair Design is a privately owned vocational school believed to receive federal funding.

39. Defendant Poole is the founder and President of the vocational school.

40. Defendants have allowed and engaged in racial discrimination against Plaintiffs.

41. Defendants knew or should have known instructors were denying Plaintiff's access to working equipment based upon their race.

42. Defendants allowed and/or failed to remedy the discriminatory behavior of the instructors

against Plaintiffs.

43. Defendants knew or should have known students and instructors were making discriminatory and racially derogatory remarks to and/or around Plaintiffs while on Defendants campus and engaging in instruction.

44. Defendants allowed and/or failed to remedy the discriminatory behavior of the students and instructors against Plaintiffs.

45. Defendants dismissed Plaintiff Jackson from the program based upon her race alone.

46. The acts and omissions of Defendants, in allowing racially discriminatory behavior and dismissing Plaintiff Jackson from the program because of her race or color, constitute a violation of Plaintiff's rights pursuant to the Civil Rights Act of 1964.

47. As a proximate, direct and foreseeable result of Defendants violations of Plaintiff's Civil Rights, Plaintiffs have suffered substantial harm.

### FOR A SECOND CAUSE OF ACTION
### (Civil Conspiracy)

48. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

49. The Defendants along with other known and/or unknown instructors and/or students engaged in a civil conspiracy to violate Plaintiff's civil rights and discharge Plaintiff Jackson from the program.

50. The Defendants joined for the purpose of injuring and causing damage to the Plaintiffs.

51. The activities of the Defendants in furtherance of the civil conspiracy have injured the Plaintiffs by subjecting them to racial discrimination and dismissal based upon their race and/or color.

52. As a proximate, direct and foreseeable result of Defendants' civil conspiracy, Plaintiffs

have suffered substantial harm.

## FOR A THIRD CAUSE OF ACTION
### (Fraud)

53. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

54. Defendants knowingly and falsely represented to Plaintiffs that by paying the tuition and fees and complying with policies, Plaintiffs would graduate from the program.

55. This representation formed the basis of Plaintiffs attending the program at Defendant Hair Design.

56. Defendants knew that Plaintiffs relied upon this false representation when enrolling in the program.

57. Plaintiffs were not aware that the Defendants representation was false.

58. Plaintiffs relied on the Defendants' representations as truth.

59. As a proximate, direct and foreseeable result of Defendants' fraud, Plaintiffs have suffered substantial harm.

## FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract)

60. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

61. On or about June 11, 2019, Plaintiff Jackson entered a contract with Defendants to attend the cosmetology program offered by Defendants in exchange for the payment of tuition and fees.

62. In or about August 2019, Plaintiff Campbell entered a contract with Defendants to attend the cosmetology program offered by Defendants in exchange for payment of tuition and

fees.

63. Plaintiffs complied with all provisions of payment of tuition, fees, attendance, and the programs policies.

64. Defendants dismissed Plaintiff Jackson from the program and breached their contract of enrollment.

65. As a proximate, direct and foreseeable result of Defendants' breach of contract, Plaintiffs have suffered substantial harm.

**FOR A FIFTH CAUSE OF ACTION**
**(Negligent Supervision)**

66. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

67. Defendants employed multiple staff members including instructors who Defendants knew or should have known were making discriminatory and racial remarks towards Plaintiffs.

68. Defendants knew or had reason to know of their ability to control their employees.

69. Defendants provided the opportunity for the employees to cause harm to Plaintiffs.

70. As a proximate, direct and foreseeable result of Defendants' negligent supervision, Plaintiffs have suffered substantial harm.

**FOR A SIXTH CAUSE OF ACTION**
**(Negligent Retention)**

71. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

72. Defendants retained multiple staff members including instructors who Defendants knew or should have known were making discriminatory and racial remarks towards Plaintiffs.

73. Defendants knew or had reason to know of their ability to control their employees.

74. Defendants provided the opportunity for the employees to cause harm to Plaintiffs.

75. Defendants themselves caused harm to Plaintiffs.

76. Defendants failed to remedy harm caused to Plaintiffs' by failing to properly supervise, employ and dismiss employees causing harm to Plaintiffs.

77. As a proximate, direct and foreseeable result of Defendants' negligent supervision, Plaintiffs have suffered substantial harm.

## FOR A SEVENTH CAUSE OF ACTION
### (Negligence)

78. Each and every allegation contained in the preceding paragraphs is repeated and reiterated herein as if restated verbatim.

79. Defendants owed Plaintiffs a duty to not discriminate against students on the basis of race.

80. Defendants breached that duty by allowing students and staff members to racially discriminate Plaintiffs and in wrongfully terminating Plaintiff Jackson from the Program.

81. As a proximate, direct and foreseeable result of Defendants' negligence, Plaintiffs have suffered substantial harm.

## FOR AN EIGHTH CAUSE OF ACTION
### (Negligence per se)

82. Each and every allegation contained in the preceding paragraphs is repeated and reiterated herein as if restated verbatim.

83. Defendants were under a statutory duty to not discriminate against students on the basis of race.

84. Defendants breached this duty when they wrongfully terminated Plaintiff Jackson from the program based on her race.

85. Defendants breached this duty when they wrongfully denied Plaintiff Campbell assistance

and services based on her race.

86. As a proximate, direct, and foreseeable result of Defendants' negligent per se, Plaintiffs have suffered substantial harm.

**WHEREFORE**, the Plaintiffs pray for a trial by jury and for the following relief:

    i. A judgment for compensatory, actual, punitive and statutory damages against Defendants in an amount to be proven at trial;

    ii. For costs of suit and attorneys' fees as required or authorized by applicable law, including but not necessarily limited to Fed. R. Civ. P. 54, 42 U.S.C. § 1988; and

    iii. For such other and further relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED this 25 April 2023.

*s/ Lauren K. Anderson*
Ralph J. Wilson, Jr., Fed ID No. 10416
Lauren K. Anderson, Fed ID No. 13258
Ralph Wilson Law, PC
1503 N. Kings Hwy
Myrtle Beach, South Carolina 29577
PO Box 349
Myrtle Beach, South Carolina 29578
(Phone) 843-488-1013
(Fax)   843-488-1014
Attorney@ralphwilsonlaw.com
*Attorneys for Plaintiff*

April 25, 2023
Myrtle Beach, South Carolina